## W. B. Gorman *v.* The State.

Plea.—If in any criminal case the defendant fails to plead, the plea of not guilty must be entered for him; and unless the transcript on appeal shows that the plea was made by or entered for the defendant, the conviction will be set aside by this court.

Appeal from the County Court of Tarrant. Tried below before the Hon. C. C. Cummings, County Judge.

The conviction was for aggravated assault and battery.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

Ector, P. J. From an inspection of the record, it does not appear upon what the defendant was tried, that he entered any plea, or that any plea was entered for him. We cannot, therefore, determine that he has been convicted by due process of the law of the land. In any criminal case, when the defendant fails to plead, the plea of not guilty shall be entered for him. Pasc. Dig., arts. 2942, 2947; *Hunt* v. *The State,* 4 Texas Ct. App. 53, and authorities there cited.

For this omission the judgment must be reversed and the cause remanded.

This opinion applies as well to the following cases in this court, appealed from the same county, wherein the same

defect appears in the record, to wit: No. 998, *W. R. San-ner, appellant,* v. *The State of Texas, appellee;* No. 1000, *Josie Benoist, appellant,* v. *The State of Texas, appellee;* No. 1088, *John A. Knight, appellant,* v. *The State of Texas, appellee;* No. 1089, *Joe Lowe, appellant,* v. *The State of Texas, appellee.* The judgments in all of the above cases are reversed and remanded.

*Reversed and remanded.*